UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BILLY G. SHOEMAKE | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-254 |
| | ) | |
| BRAD JOHNSON, Carter County | ) | |
| Deputy Sheriff or Investigator; JOHN | ) | |
| HENSON, Carter County Sheriff; | ) | |
| CARTER COUNTY, TENNESSEE; | ) | |
| STATE OF TENNESSEE; and JOE | ) | |
| N. WALTON, Judge of the General | ) | |
| Sessions Court | ) | |

**MEMORANDUM and ORDER**

Plaintiff Billy G. Shoemake, a former prisoner in the Carter County Detention Center (CCDC), brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983, alleging that he was arrested on various charges; held without bail in the CCDC; and, when all charges were dismissed more than nine months later, released from confinement. Because plaintiff was imprisoned when this action was filed, he is **ASSESSED** the civil filing fee of $250.00. *See* 28 U.S.C. § 1915(a) and (b)(1). However, the statutory fee-collection provisions of § 1915(b) do not apply since he is no longer a prisoner.

1. The Factual Allegations

   In the complaint, plaintiff states his claims as follows.

   1. I was arrested August 23, 2004 and held illegally without bail until June 9, 2005 on the charges of aggravated burglary, theft over $1,000, and criminal Tresspassing(sic). On June 9, 2005 I was released and all charges were dismissed.

   2. My car was stolen by the Carter County Sheriff's department off of private property with all my personal property packed inside the car.

   3. My liberty was taken illegally by the Carter County Sheriff and I was abused in his jail and I was never convicted of a crime in Carter County, Tennessee. Compl., ¶ IV.

   In a subsequent letter (Doc. 10), plaintiff provides the following additional allegations of fact. The actual perpetrator of the crimes was a Paul Wooten, who committed the crimes at a time when the plaintiff was with his son Robert Shoemake, eleven miles away from the situs of the crimes. On August 31, 2004, plaintiff's son and Mr. Wooten were released on their own recognizance. (Plaintiff appears to be alleging, inferentially, that he, his son, and Wooten were all arrested in connection with the crimes and, expressly, that he alone was not released on bail.)

   On November 10, 2004, the prosecutor told defendant Judge Joe N. Walton that plaintiff had been charged with a failure to appear. However, plaintiff had been confined in the Carter County facility since August—a situation which he explained to everyone (presumably, for the purpose of suggesting that he could not

2

have made a court appearance due to the fact of his incarceration). The District Attorney commented to plaintiff, "I have to find a reson (sic) why we're holding you."

Thirteen days later, plaintiff appeared before the Court and explained to the Judge, the prosecutor, and R. O. Smith (plaintiff's attorney?) what had happened (i.e., that plaintiff had been miles away from the scene when the crime was committed), but "they did not care."

Although the complaint does not include the legal theories upon which his lawsuit rests, the Court infers, from the nature of plaintiff's factual allegations, that he is pleading claims for arrest without probable cause and for malicious prosecution in violation of the Fourth Amendment's prohibition of unreasonable search and seizure, as well as claims for deprivation of property and wrongful conditions of confinement.

2. <u>Fourth Amendment Claims</u>

The Sixth Circuit has summarized the law on such claims.

"[I]t is well established that any arrest without probable cause violates the Fourth Amendment. For probable cause to arrest to exist, the facts and circumstances within the officer's knowledge [must be] sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense. Whether there exists a probability of criminal activity is assessed under a reasonableness standard based on an examination of all facts and circumstances within an officer's knowledge

3

at the time of an arrest."

.........

"Although this Court has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution."

*Thacker v. City of Columbus*, 328 F.3d 244, 255 and 259 (6th Cir.2003) (all internal punctuation marks and citations omitted).

Thus, as *Thacker* makes clear, a plaintiff must demonstrate that probable cause was lacking in order to succeed on a § 1983 claim of unlawful arrest or malicious prosecution.

Here, however, the factual allegations offered by plaintiff are insufficient to show that probable cause was lacking. Because plaintiff bears the burden of showing "all material elements to sustain a recovery under *some* viable legal theory," *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1999) (emphasis in original), and because he has not shown that his arrest and prosecution were not supported by probable cause, he has not demonstrated that his arrest and prosecution violated the Fourth Amendment. The fact that the state court charges were dismissed does not alter this conclusion. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for

4

every suspect released.").

Therefore, even reading this *pro se* plaintiff's filings generously, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is clear that he cannot prevail on his implied claims for malicious prosecution or arrest without probable cause since the allegations in the complaint fail to state actionable § 1983 claims.

3. Property Claim

In addition to the above inferred claims, the plaintiff also maintains that his car, which contained all his personal property, was stolen by defendant Carter County Sheriff. It is well-settled that a plaintiff may not maintain an action under § 1983 for a random and unauthorized deprivation of personal property, whether negligent, *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), or intentional, *Hudson v. Palmer*, 468 U.S. 517 (1984), if there is an adequate post-deprivation state remedy to address the claim. Thus, a plaintiff must plead and prove that there are no state remedies or that any remedies which exist are inadequate to redress the wrong. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999).

In this case, plaintiff has not pled, much less proven, that there are no available state remedies or that the ones which are offered (filing a claim under the Governmental Tort Liability Act or filing a common law action for conversion) are not adequate to resolve his property claim. Therefore, the allegations involving his

5

"stolen" automobile do not state a valid § 1983 claim.

4. Conditions of Confinement Claim

In another claim, the plaintiff alleges that he was abused during his confinement in the jail. However, he provides no factual elaboration, such as an explanation as to the nature of the abuse or allegations as to the date it occurred or the identity of the purported wrongdoer. The plaintiff himself is in the best position to plead facts, if these facts exist. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir.1995). A conclusory allegation such as this one does not state a constitutional claim for relief. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

5. Immunity and Liability Issues

There are problems with the named defendants as well, the first of which is that Judges, such as defendant Joe Walton, cannot be sued for money damages (the only relief sought in the complaint) for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles v. Waco*, 502 U.S. 9 (1991). In this case, denying bail to plaintiff while granting it to others and allowing the charges to remain intact, despite plaintiff's assertion that he was elsewhere when the crime was committed, are actions taken in Judge Walton's judicial capacity. Thus, they are judicial acts which confer on Judge Walton absolute immunity from this suit for damages.

6

Secondly, plaintiff's suit for damages against the State of Tennessee is barred by the Eleventh Amendment, unless Congress has abrogated that sovereign immunity or the State has expressly waived it. *See, e.g.*, *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Congress has not abrogated Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332 (1979), and the State of Tennessee has not waived its right to sovereign immunity. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980). *See also* Tenn. Code Ann. § 20-13-102(a). Accordingly, plaintiff's claims against defendant State of Tennessee are barred.

As to defendants Sheriff Henson and Deputy Sheriff (or Investigator) Johnson, the complaint does not specify whether they are being sued in their official capacities, individual capacities, or both. A suit brought against a public official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *See Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995). The designation of individual capacity need not be explicit—though, of course, that is preferable—so long as the pleadings and other filed documents provide sufficient notice to defendants that they are being sued as individuals. *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001).

7

Here, plaintiff has made no express designation of the capacity in which he is suing defendants. Nor has he alleged anything in the pleading or other filed documents to indicate that he is suing these particular defendants in their individual capacities—indeed, he lists the official titles of these defendants in the caption of his complaint. Absent an indication—express or otherwise—that these two defendants are being sued in their individual capacities, the Court must assume they are being sued only in their official capacities as employees of the government entity. *Id.* at 772.

A suit against defendants Henson and Johnson in their official capacities is treated as being an action against defendant Carter County, Tennessee—the governmental entity who employees them. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). A governmental entity is liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing a policy or custom of that entity. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978).

To establish entity liability, plaintiff must: 1) identify the questioned policy or custom which allegedly caused the injury; 2) connect the policy to the entity; and 3) show that the specific injury was incurred because of the implementation of the policy, all of which he has failed to do. *Garner v. Memphis Police Department*, 8

8

F.3d 358, 363-64 (6th Cir. 1993). Accordingly, plaintiff has not stated a claim against Carter County, Tennessee; its Sheriff; or its Deputy Sheriff either.

6. Conclusion

In view of the above law and analysis, the Court will dismiss this case *sua sponte*. All pending motions are **DENIED** as moot.

A separate order will enter.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE